**Parna A. Mehrbani**, OSB No. 053235
mehrbanip@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TWISTED, LLC**, an Oregon limited liability company,<br><br>                                              Plaintiff,<br><br>     v.<br><br>**3ZS, LLC d/b/a TWISTED FINE YARN & WOOL**, a Washington limited liability company, and **SANDI SANDUM**, an individual residing in Washington,<br><br>                                              Defendants. | Case No. 3:16-cv-1259<br><br>COMPLAINT<br>(Trademark Infringement, Unfair Competition)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Twisted, LLC ("Twisted"), for its Complaint against Defendants 3ZS, LLC ("3ZS") and Sandi Sandum ("Sandum") (collectively 3ZS and Sandum are referred to herein as "Defendants"), hereby alleges as follows:

### NATURE OF THE ACTION

1.     In this action, Twisted seeks injunctive and monetary relief for acts of trademark infringement and unfair competition arising out of the Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (2002) (the "Lanham Act"), Or. Rev. Stat. § 647.095, and the common law.

PAGE 1 -   COMPLAINT

## THE PARTIES

2. Twisted is a limited liability company formed under the laws of the state of Oregon with its principal place of business at 2310 NE Broadway Street, Portland, Oregon 97232.

3. Upon information and belief, 3ZS is a Washington limited liability company having its principal place of business at 210 E. Woodin Avenue, Chelan, Washington 98816.

4. Upon information and belief, Sandi Sandum is an individual residing at 497 Boyd Loop Road, Manson, Washington 98831. Sandum is 3ZS's principal owner, and is personally responsible for all actions of 3ZS.

## JURISDICTION AND VENUE

5. The Court has original subject matter jurisdiction over this action under the Lanham Act pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Twisted's state and common law claims pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants under 28 U.S.C. § 1331 because, upon information and belief, Defendants have distributed, sold, or offered for sale merchandise infringing Twisted's trademarks within this state; have offered and rendered services to residents of this state; have engaged in acts or omissions within this state causing injury; and have manufactured, distributed, sold, or offered for sale products used or consumed within this state in the ordinary course of trade.

7. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants are subject to personal jurisdiction in this District. Moreover, a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and important and relevant records are located in this District.

PAGE 2 - COMPLAINT

708848.0002/6700007.4

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

8. Pursuant to Local Rule 3-2(b), venue is proper in this Division because a substantial part of the events or omissions giving rise to the claims occurred in this Division and the intellectual property at issue is owned by Twisted and thus resides in this Division.

## BACKGROUND

9. Twisted provides retail store services and online retail store services featuring yarn, yarn-related products, fiber, various craft supplies, a line of knitting and crochet patterns, and a large variety of knitting, crochet, spinning, and weaving supplies.

10. Twisted has provided retail store services and mail order retail services since 2007, sales of its pattern line since 2008, and online store services since 2010 in interstate commerce in the United States in connection with the trade name Twisted, the trademark TWISTED, and a logo consisting of the word TWISTED in stylized font alongside an image of a ball of yarn and knitting needles.

11. Twisted is the owner of U.S. Trademark Registration No. 4,793,316 for the trademark comprising the word TWISTED in stylized font alongside an image of a ball of yarn and knitting needles (depicted below as registered). A true and correct copy of the registration certificate for this mark is attached hereto as Exhibit 1.

![twisted logo]

12. Twisted also owns Oregon State Trademark Registration Number 43388 for the word mark TWISTED, a true and correct copy of which registration is attached hereto as Exhibit 2.

13. Twisted also owns nationwide common law rights in the word mark TWISTED as a result of its nationwide use.

PAGE 3 -   COMPLAINT

14. The federal registration rights, state law rights, and common law rights of Twisted in the TWISTED mark and the TWISTED logo, as described above, are collectively referred to herein as the "TWISTED Marks."

15. Twisted uses the TWISTED Marks on a variety of advertising media including advertisements, business cards, Internet web sites, television commercials, e-commerce websites such as Ravelry.com and Craftsy.com, participation in regional arms of national charities, and other advertising and promotional items.

16. Twisted has used the TWISTED Marks in connection with sales transactions in every state in the United States as well as the District of Columbia, Puerto Rico, Canada, and other countries.

17. As a result of Twisted's considerable sales and extensive advertising and promotion, the TWISTED Marks have developed substantial and valuable goodwill. The knitting, crochet, and fiber arts community has come to associate the TWISTED Marks with exemplary customer service and high quality yarn-related goods and patterns from Twisted.

**DEFENDANTS' ACTIVITIES**

18. Defendants operate a retail store in Chelan, Washington, and offer for sale yarn and other knitting, crochet, and fiber arts related products, providing services identical to those offered by Twisted.

19. Defendants' brick and mortar retail store is in close proximity to Twisted's brick and mortar retail store.

20. Defendants and Twisted offer their retail services in identical marketing channels to the same consumers.

21. In April 2016, Twisted learned that Defendants had recently changed their name from "Warehouse Woolery" to "Twisted Fine Yarn & Wool" and have been using, in conjunction with retail services and yarn-related products, the trade name "Twisted," which is confusingly similar, if not identical, to the TWISTED Marks.

PAGE 4 -   COMPLAINT


22. The words "Fine Yarn & Wool" in Defendants' trade name are wholly descriptive; in fact, they describe the exact image that appears alongside the word TWISTED in Twisted's registered trademark for the TWISTED logo.

23. Defendants regularly refer to their goods/services in the marketplace as "Twisted."

24. Actual confusion exists in the marketplace between Twisted and Defendants. In particular, Twisted received an order confirmation for Defendants' store from a yarn company representative.

25. In another instance of actual confusion, Twisted had an order delayed due to another vender confusing Twisted and Defendants' shops.

26. In another instance of actual confusion, a potential customer from Vancouver, Washington, asked if Twisted had moved to Chelan, Washington, whether the two stores were affiliated, or whether Twisted had opened a second location.

27. Twisted, by correspondence dated April 29, 2016, May 16, 2016, and May 26, 2016, expressed its objection to Defendants' use of the TWISTED trademark and the confusingly similar variation TWISTED FINE YARN & WOOL.

28. Defendants responded to Twisted's May 26, 2016 correspondence, refusing to cease use of their infringing mark.

29. On June 9, 2016, *after* receiving Twisted's letters, which put Defendants on notice of the TWISTED Marks and Twisted's claim of infringement, Defendants filed a federal trademark application for the infringing word mark TWISTED FINE YARN & WOOL.

30. In filing their application, Defendants signed a declaration representing that they had no knowledge of other persons with the right to use an identical or confusingly similar mark in commerce. A true and correct copy of the application for registration of Defendants' purported mark, obtained from the United States Patent and Trademark Office public records, is attached hereto as Exhibit 3.

PAGE 5 -   COMPLAINT

31. Because the words "Fine Yarn & Wool" are merely descriptive, Defendants will likely be required to disclaim them from their purported mark, leaving only the word mark "Twisted." *See* 15 U.S.C. §§ 1052(e), 1056.

32. Despite constructive and actual knowledge of Twisted's trademark rights and Twisted's multiple requests to cease use of their infringing mark, Defendants continue to use a confusingly similar mark in connection with the advertising and promotion of their goods and retail services featuring yarn-related products, in direct competition with Twisted.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement, 15 U.S.C. § 1114)

33. Twisted realleges the allegations contained in each of the paragraphs above.

34. This is a claim for infringement of the federally registered trademark of Twisted, as depicted above and in the attached Exhibit 1, under the Lanham Act, 15 U.S.C. § 1114.

35. The TWISTED Marks and the goodwill of the business associated with it are of great value, are highly distinctive, and have become associated in the public mind with Twisted's high quality yarn-related goods, patterns, and services.

36. Defendants' use of an infringing mark that is identical and/or confusingly similar to Twisted's registered mark is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Defendants are affiliated with, related to, or connected with Twisted, or have the sponsorship, endorsement, or approval of Twisted, when they do not.

37. There is actual confusion occurring as a result of Defendants' conduct described herein, as set forth, for example, in paragraphs 24-26.

38. Defendants began using their confusingly similar mark for retail services long after Twisted's use and registration of the TWISTED Marks, and are still using such infringing mark.

PAGE 6 -   COMPLAINT

39. Defendants' use of the TWISTED trademark or the confusingly similar variation TWISTED FINE YARN & WOOL is in violation of 15 U.S.C. § 1114(1) and has caused and, unless restrained and enjoined by this Court, will continue to cause confusion and irreparable harm, damage, and injury to Twisted's goodwill and reputation as symbolized by Twisted's federally registered trademark, for which Twisted has no adequate remedy at law.

40. Defendants' conduct also constitutes an intentional, willful, and malicious attempt to trade on the goodwill Twisted has developed in its federally registered trademark to the damage of Twisted, and is a knowing and willful violation of Twisted's rights under 15 U.S.C. § 1114(1).

41. As a direct and proximate result of Defendants' conduct, Twisted has suffered damages to its valuable TWISTED Marks and other damages in an amount to be proven at trial.

42. Defendants have caused, and are likely to continue causing, substantial injury to Twisted, and Twisted is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition, 15 U.S.C. § 1125(a))

43. Twisted realleges the allegations contained in each of the paragraphs above.

44. This is a claim for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendants' unlawful acts, including, without limitation, use of a false designation of origin which is likely to cause confusion, mistake, or deception as to the origin of Defendants' products or services, and as to Defendants' affiliation, connection, or association with Twisted, or as to the sponsorship or approval of the Defendants' products or services by Twisted, in violation of 15 U.S.C. § 1125(a).

45. There is actual confusion occurring as a result of Defendants' conduct described herein, set forth, for example, in paragraphs 24-26.

PAGE 7 -   COMPLAINT

46. Defendants have intentionally and willfully used the infringing mark TWISTED and the confusingly similar variation TWISTED FINE YARN & WOOL in disregard of Twisted's rights.

47. As a direct and proximate result of Defendants' conduct, Twisted has suffered damage to its valuable TWISTED Marks and other damages in an amount to be proven at trial.

48. Twisted has no adequate remedy at law, and if Defendants' activities are not enjoined, Twisted will continue to suffer irreparable harm and injury to its goodwill and reputation.

### THIRD CLAIM FOR RELIEF

### (Trademark Infringement in Violation of ORS 647.095)

49. Twisted realleges the allegations contained in each of the paragraphs above.

50. As alleged in paragraph 12, Twisted owns Oregon State Trademark Registration Number 43388 for the word mark TWISTED.

51. Defendants' conduct is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others as to the origin, affiliation, sponsorship, or connection of Defendants' goods/services with Twisted, in violation of ORS § 647.095.

52. There is actual confusion occurring as a result of Defendants' conduct, as set forth, for example, in paragraphs 24-26.

53. Defendants' conduct also constitutes an attempt to trade on the goodwill that Twisted has developed in the TWISTED mark, all to the damage of Twisted.

54. As a result of Defendants' conduct, Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Twisted.

55. Twisted has no adequate remedy at law.

PAGE 8 -   COMPLAINT

708848.0002/6700007.4

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

56.     Twisted realleges the allegations contained in each of the paragraphs above.

57.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created actual confusion, and will continue to create a likelihood of confusion or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Defendants are affiliated with, related to, sponsored by, or connected with Twisted, to the irreparable injury of Twisted and its TWISTED Marks, unless restrained by this Court, as Twisted has no adequate remedy at law for this injury.

58.     On information and belief, Defendants acted with full knowledge of Twisted's use of, and statutory and common law rights to, the TWISTED Marks and without regard to the likelihood of confusion of the public created by their activities.

59.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the TWISTED Marks to the great and irreparable injury of Twisted.

60.     As a result of Defendants' acts, Twisted has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Twisted is entitled to injunctive relief, an accounting of Defendants' profits, and Twisted's damages, and costs.

61.     Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of the TWISTED Marks, and the need to deter Defendants from similar conduct in the future, Twisted is additionally entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Twisted respectfully prays for judgment as follows:

1. That judgment be entered in favor of Twisted and against Defendants on each of Twisted's claims.

PAGE 9 -   COMPLAINT

2. That Defendants and any principals, agents, servants, employees, successors, attorneys and assigns of Defendants and all those in privity, concert, or participation with Defendants, be preliminarily and permanently enjoined from:

    a. using the TWISTED Marks or any mark confusingly similar to the TWISTED Marks in connection with Defendants' goods or retail services;

    b. using any trademark, service mark, name, logo, label, design, or source designation of any kind on or in connection with Defendants' goods or retail services that is a copy, reproduction, colorable imitation of, or confusingly similar to, the TWISTED Marks;

    c. using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that any goods or services advertised, promoted, offered, or sold by Defendants are provided by Twisted or are sponsored, endorsed, connected with, approved, or authorized by Twisted; and

    d. passing off, palming off, or assisting in passing off or palming off, Defendants' goods or retail services as those of Twisted, authorized by Twisted, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

3. That Defendants account for and pay over to Twisted profits or gains of any kind resulting from their willful infringement and/or acts of unfair competition and that the amount of damages for trademark infringement of the TWISTED Marks be increased by a sum not exceeding three times the amount thereof as provided for by 15 U.S.C. § 1117 and ORS 647.105.

4. That Twisted be awarded actual damages in an amount to be proven at trial and punitive damages, and that such damages be increased by a sum not exceeding three

PAGE 10 - COMPLAINT

times the amount thereof as provided by law by reason of Defendants' willful and intentional conduct, pursuant to 15 U.S.C. § 1117, ORS 647.105, and the common law.

5. That Twisted be awarded reasonable attorneys' fees, costs, and expenses incurred herein under 15 U.S.C. § 1117.

6. That Twisted be awarded prejudgment interest.

7. That Twisted be awarded such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## JURY DEMAND

Twisted demands a trial by jury on all issues so triable.

DATED: June 24, 2016

          LANE POWELL PC


          By /s/ Parna A. Mehrbani
           Parna A. Mehrbani, OSB No. 053235
           Telephone: 503.778.2100
           Attorneys for Plaintiff

PAGE 11 - COMPLAINT

708848.0002/6700007.4

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200